THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS MUMFORD,<br><br>Defendant. | CASE NO. 3:17-CR-0008-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Marcus Mumford's motion for discovery (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, and oral argument heard on February 15, 2017, the Court hereby GRANTS IN PART and DENIES IN PART the motion for the reasons explained herein.

## I. BACKGROUND

This case involves alleged violations of 41 C.F.R. § 102-74.390(c) and 41 C.F.R. § 102-74.385. (Dkt. No. 1 at 1–2.) The events giving rise to the allegations occurred on October 27, 2016, in a courtroom in the Mark O. Hatfield Federal Courthouse, in Portland, Oregon. (*Id.*)

## II. DISCUSSION

The Government provided early discovery in this case. (Dkt. No. 6 at 1.) On December 19, 2016, the Government provided all of the reports and witness statements it had in its

possession at the time, as well as a copy of the transcript of the record and the courtroom security video. (*Id.*) Defendant now makes 38 specific discovery requests. (Dkt. No. 5.)

### A. Request Numbers 3, 8, 18, 20, 28, and 34.

The government makes no objection to Request Numbers 3, 8, 18, 20, 28, and 34, (Dkt. No. 6 at 3, 6, 10, 11, 15, 19–20), and the requests are GRANTED.

### B. Request Numbers 1, 2, and 10.

Request Number 1 asks for

> [a]ll emails, texts, twitter messages, reports and other communications from, to, and among agents of the U.S. Marshal's Service, the Department of Homeland Security, and/or Federal Protective Service or contracted court security officers (collectively, for the purpose of this request, the "U.S. Marshal's Service") relating to (1) events in Courtroom 9A on October 17, 2016, during a break in the Bundy trial, where U.S. Marshals confronted Mr. Mumford and accused him of "threatening" them, and (2) events in the courtroom of Judge Anna Brown on October 27, 2016.

(Dkt. No. 5 at 1–2.) Request Number 2 asks for the same materials "during the trial of Ammon Bundy that mention Marcus Mumford." (*Id.* at 2.) Request Number 10 asks for the same materials "related to, and any record, video, and/or audio recording of, a hearing held October 7, 2016, in the courtroom of Judge Robert E. Jones, at approximately 1 p.m., including an *ex parte* meeting held *in camera* prior to the hearing." (*Id.* at 4–5.)

The Government objects to the requests as being "overly broad in scope and overly general in rationale" and that Defendant "has provided no explanation of how the requested materials are material to preparing the defense." (Dkt. No. 6 at 2.) The Government also understands this request to cover only materials in its possession. (*Id.*) Finally, the Government points out that "to the extent that the requested materials constitute *Brady* evidence or Jencks statements, the government already has an obligation to produce them and no further order is necessary." (*Id.* at 3.) The Court agrees. However, the Court finds that the Marshals' government issued cell phones are subject to discovery and should any texts reveal hostility towards Defendant or in any way casts doubt on their credibility, they must be produced. Because the

Court expects the Government to fulfill its obligation, Defendant's Request Numbers 1, 2, and 10 are DENIED.

### C. Request Numbers 4, 5, 7, 9, 11–14, 19, 26, 31–33, and 35–37.

The Government has indicated that it has produced or intends to produce the evidence sought in Request Numbers 4, 5, 7, 9, 11–14, 19, 26, 31–33, and 35–37 within the scope of the standards set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), District of Oregon Standing Order 2015-5, and the Jencks Act, 18 U.S.C. § 3500. (*See* Dkt. No. 6.) Defendant's Request Numbers 4, 5, 7, 9, 11–14, 19, 26, 31–33, and 35–37 are DISMISSED AS MOOT.

### D. Request Numbers 6 and 21.

Request Number 6 asks for the "personnel files of each agent of the U.S. Marshal's Service shown in the surveillance video of the events of October 27, 2016, or who may be government witnesses, for information relevant to bias, previous reports of excessive use of force, or lack of honesty." (Dkt. No. 5 at 3.) Request Number 21 asks for "[a]n examination of the personnel files of each law enforcement agent who will testify in the case for evidence of any allegations that the agent has ever made a false statement or has a reputation for dishonesty." (Dkt. No. 5 at 8.) The Government objects to these requests to the extent that they seek the production of personnel files. (Dkt. No. 6 at 5–6.) The Ninth Circuit has held that the Government need not produce entire personnel files, but rather "'disclose information favorable to the defense that meets the appropriate standard of materiality . . . . If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an *in camera* inspection and evaluation.'" *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991) (quoting *United States v. Cadet*, 727 F.2d 1453, 1467–68 (9th Cir. 1984)). The Government has agreed to abide by these procedures. (Dkt. No. 6 at 6.) To the extent that Defendant's Request Numbers 6 and 21 seek entire personnel files, they are DENIED.

//

**E.     Request Numbers 24, 25, and 30.**

Request Number 24 asks for the "arrest and conviction record of each prospective government witness" and Request Number 25 asks for "[a]ny evidence that any prospective government witness has any criminal charge pending against him, or is under investigation." (Dkt. No. 5 at 9.) The Government agrees to turn over its witnesses' criminal records, but objects to the requests to the extent they exceed the scope of authority, "i.e., information that bears on the witness's credibility." (Dkt. No. 6 at 13.) However, "[i]t is the state's obligation to turn over all information bearing on a witness's credibility." *United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009) (quoting *Carriger v. Stewart*, 123 F.3d 463, 480 (9th Cir. 1997)).

Defense Request Number 30 asked for "[a]ny evidence that a prospective government witness has engaged in crimes or bad acts in this or other cases, even though he has not been convicted for such conduct." (Dkt. No. 5 at 11–12.) The Government objects to the request as being overly broad because "bad acts" is subject to multiple interpretations. (Dkt. No. 16.) While this may be true, under *Price* and *Carriger*, if the Government possesses evidence that casts doubt on a witness's credibility, it must be provided.

Accordingly, Defendant's Request Numbers 24, 25, and 30 are GRANTED.

**F.     Request Numbers 15–17.**

Request Numbers 15 through 17 ask for "[a]ll books, papers, documents, tangible objects, [and] photographs, which are material to the preparation of the defense," "'belong to' the defendant," or "were 'obtained' from the defendant." (Dkt. No. 5 at 7.) The Government objects to the requests because they lack in specificity and do not provide notice of the materials sought. (Dkt. No. 6 at 9.) The Court agrees with the Government. As such, Defendant's Request Numbers 15–17, as worded, are DENIED. If Defendant can make his request with specificity, the Court expects the Government will comply with the request under Federal Rule of Criminal Procedure 16(a)(1)(E)(i).

//

### G. Request Number 22.

Request Number 22 calls for "[t]he name of every witness the government intends to call at trial." (Dkt. No. 5 at 8.) The Government does not object, but requests there be a mutual exchange of witness lists 14 days before trial. (Dkt. No. 6 at 12.) At oral argument, Defendant agreed to this exchange. Defendant's Request Number 22 is GRANTED. The parties are ORDERED to exchange witness lists 14 days before trial.

### H. Request Number 23.

Defendant requests the "name and address of every percipient witness to the incident interviewed by the government whom the government *does not intend to call* at the trial." (Dkt. No. 5 at 8) (citing *Cadet*, 727 F.2d at 1469) (emphasis in original). The Government contends that it "has already provided reports that identify witnesses and any available witness statements" and that "[d]ecisions about who to call or not to call as a witness can be made as part of the final trial preparations and can change during the trial." (Dkt. No. 6 at 12.) Because *Cadet*, 727 F.2d at 1469, is unclear as to whether the witnesses had been identified in discovery, the Government asks the Court to modify Request Number 23 to the name and contact information of percipient witnesses not identified in discovery, whom it does not intend to call at trial. (*Id.*) The Court agrees with the Government and GRANTS Request Number 23 to the extent that percipient witnesses are not identified in discovery.

### I. Request Number 27.

Request Number 27 asks for "[a]ll statements of any prospective witness relevant to his testimony or relevant to impeachment or bias." (Dkt. No. 5 at 10.) The Government objects to this request as being overly broad and unsupported by relevant authority in that it seeks all statements of any prospective witness that are in some way relevant to her testimony. (Dkt. No. 6 at 14.) The Government has agreed to provide witness statements under the Jencks Act or *Brady*. (*Id.*) This is sufficient. Defendant's Request Number 27, as written, is DENIED.

//

ORDER
PAGE - 5

**J.    Request Number 29.**

Defendant asks for "[a]ny evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement of another person." (Dkt. No. 5 at 11.) The Government objects to this request as being overbroad as it calls for evidence of the statement, and not the statement itself, which would fall under the Jencks Act and *Brady*. (Dkt. No. 6 at 16.) Furthermore, the Government argues that a witness's statement can be inconsistent with that of another witness without being exculpatory. (*Id.*) The Court agrees. Defendant's Request Number 29 is DENIED.

**K.    Request Number 38.**

Defendant requests "[a]ny records related to a meeting that Judge Anna Brown had with jurors and/or others on October 27, 2016, wherein Judge Brown described the events in the courtroom leading to Mr. Mumford's arrest, including any e-mails, texts, twitter messages, notes, and/or audio or video recordings of the same." (Dkt. No. 5 at 15.) The Government objects to the extent that the materials are in the possession of a district court judge, and outside the scope of Federal Rule of Criminal Procedure 16(a)(1)(E)(i). (Dkt. No. 6 at 21.) The Government also argues that should the request apply to statements of prospective witnesses, it is outside the scope of Federal Rule of Criminal Procedure 16(a)(1)(E)(i) pursuant to Rule 16(a)(2). (*Id.*) The Government agrees to provide materials and statements under this request that constitute *Brady* evidence or Jencks statements. (*Id.*) Accordingly, Defendant's Request Number 38 is DENIED.

**L.    Government's Discovery Request.**

The Government requests discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A)-(C) and District of Oregon Standing Order 2015-5. (*Id.* at 22.) The Government's motion is GRANTED.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion for discovery (Dkt. No. 5) is GRANTED IN PART and DENIED IN PART. Defendant's Request Numbers 3, 8, 18, 20, 22–25, 28, 30,

and 34 are GRANTED. Defendant's Request Numbers 1, 2, 6, 10, 15–17, 21, 27, 29, and 38 are DENIED. Defendant's Request Numbers 4, 5, 7, 9, 11–14, 19, 26, 31–33, and 35–37 are DISMISSED AS MOOT. The Government's motion for discovery (Dkt. No. 6 at 22) is GRANTED.

DATED this 16th day of February, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE