|     |     |
| --- | --- |
| 1   | THE HONORABLE JOHN C. COUGHENOUR |

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | CASE NO. 3:17-CR-0008-JCC |
| --- | --- |
| Plaintiff, | ORDER |
| v. | |
| MARCUS MUMFORD, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss Count 1, (Dkt. No. 9), and motion to dismiss all counts, (Dkt. No. 11), and the Government's motion for a bench trial (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, and oral argument heard February 15, 2017, the Court hereby GRANTS the Government's motion for a bench trial, (Dkt. No. 10), DENIES Defendant's motion to dismiss all counts, (Dkt. No. 11), and GRANTS Defendant's motion to dismiss Count 1, (Dkt. No. 9), for the reasons explained herein.

I.  **BACKGROUND**

Defendant Marcus Mumford represented Mr. Ammon Bundy in a criminal trial occurring in the District of Oregon from September 7, 2016, until October 27, 2016, when the jury returned a not guilty verdict. (Dkt. No. 11 at 2; Dkt. No. 17 at 1.) Defendant's client had been detained on the underlying matter in the District of Oregon, (Dkt. No. 17 at 2), but there was also a separate

order of detention against Mr. Bundy in the District of Nevada for different charges. (*Id.*; Dkt. No. 17-1 at 2–3); *see also United States v. Bundy, et al.*, Case No. 2:16-CR-00046 (D. Nevada 2016).

Following the acquittal of his client, and dismissal of the jury, Defendant stood to argue for the immediate release of Mr. Bundy. (Dkt. No. 11 at 5; Dkt. No. 11-4 at 5.) The Honorable Anna Brown, United States District Judge, informed Defendant that Mr. Bundy was released as to the charge in Oregon, but that he was still subject to the hold by the District of Nevada. (Dkt. No. 11-4 at 5.) According to the transcript, Defendant's exchange with Judge Brown became heated, and she admonished Defendant, "Mr. Mumford, you really need to not yell at me now or ever again." (*Id.* at 6.) Defendant argued that unless he was shown a warrant or additional paperwork, he was instructing his client that he was free to leave the courtroom.

> THE COURT: What I'm saying is that the marshals—the marshals have a hold—notice of a hold from Nevada, and you're going to need to take up those issues with Nevada and the marshals. Not with me.
> MR. MUMFORD: And what I'm saying is if they have papers, an arrest warrant for Mr.—Mr. Bundy, to transport him, then I'm happy to see that; but until I do, my instruction to him is he is free to leave.
> THE COURT: Well, he can do what he wishes, but he's in the marshals' custody right now, and he needs to go back with them right now to the jail because of the hold.
> MR. MUMFORD: No, he does not. He is free.
> THE COURT: Mr. Mumford, you can take it up to a higher court now. Take Mr.—
> MR. MUMFORD: He's free, Your Honor.
> THE COURT: Mr. Mumford—
> MR. MUMFORD: He has beaten these—
> U.S. MARSHAL: Stand down.

(*Id.* at 6–7.) Shortly thereafter Judge Brown instructed everyone to back up. (*Id.* at 7.) Defendant continued to argue at which point Judge Brown stated "I'm not going to argue with you. We are in recess." (*Id.*) The Marshals then moved in to take Mr. Bundy into custody. It appears from the transcript and the courtroom video that Defendant interfered with the Marshals taking his client into custody.

> U.S. MARSHAL: Come to the fourth floor, and we will show you [the detainer].
> U.S. MARSHAL: We'll show it to you.
> MR. MUMFORD: No. No. He is free right here and right now.
> THE COURT: Mr. Mumford.
> MR. MUMFORD: He's free right here and right now.
> THE COURT: Mr. Mumford, step back.

(*Id.* at 7.)

At this point a physical altercation between the U.S. Marshals and Defendant ensued. (*Id.*; Dkt. No. 11-3 at 15:52:46.) Defendant allegedly failed to comply with, and forcefully resisted, the Marshals' efforts to restrain him, and one Marshal used her taser on him. (Dkt. No. 17 at 4–5.)

The Government charged Defendant with violations of 41 C.F.R. §§ 102-74.390(c) and 102-74.385. (Dkt. No. 1.) 41 C.F.R. § 102-74.390(c) states that "[a]ll persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that . . . [o]therwise impedes or disrupts the performance of official duties by Government employees." 41 C.F.R. § 102-74.385 states that "[p]ersons in and on property must at all times comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals." Defendant now moves to dismiss Count 1 under § 102-74.390(c) as multiplicitous, (Dkt. No. 9), and all counts because (1) of outrageous government misconduct, (2) the regulations violate the separation of powers doctrine, and (3) the regulations are void for vagueness both facially and as applied. (Dkt. No. 11.) The Government moves for a bench trial. (Dkt. No. 10.)

## II. DISCUSSION

### A. Motion for a bench trial.

Defendant concedes he does not have a right to a jury trial and asks the Court to grant a jury trial at its discretion. (Dkt. No. 14 at 1.) The Court declines to exercise its discretion to order a jury trial. Accordingly, the Government's motion for a bench trial (Dkt. No. 10) is GRANTED.

//

**B.    Motion to dismiss all counts.**

Defendant moves to dismiss all counts because (1) of outrageous government misconduct, (2) the regulations violate the separation of powers doctrine, and (3) the regulations are void for vagueness both facially and as applied. (Dkt. No. 11.)

### 1. Outrageous Government Conduct

Defendant argues that the Government's actions, via the U.S. Marshals and Federal Protective Services, was so outrageous that he is entitled to a dismissal. (*Id.* at 11.) A court may dismiss an indictment based on a due process violation or under its supervisory powers because of outrageous government misconduct. *United States v. Luttrell,* 889 F.2d 806, 811 (9th Cir. 1989). The Supreme Court recognized that there may be situations "in which the conduct of law enforcement officials is so outrageous that due process principles would absolutely bar the Government from invoking judicial process to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 432–33 (1973). This constitutional defense is reserved for "only the most intolerable government conduct," *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991), in which the Government's actions constitute a "deliberate, unnecessary and unreasonable invasion of the accused's constitutional rights." *United States v. Toscanino*, 500 F.2d 267, 275 (2d Cir. 1974) (abrogated on other grounds). The Government's conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. O'Connor*, 737 F.2d 814, 817 (9th Cir. 1984) (citations omitted).

In *Toscanino*, Government agents abducted the defendant from Uruguay and pistol-whipped, bound, blindfolded, tortured, and interrogated him for 17 days. 500 F.2d at 275–76. The court held that the Government's actions were so shocking that the indictment was subject to dismissal. (*Id.*) On the other hand, a Government agent who had sexual relations, and used cocaine, with a suspect, before and after being commissioned by the Government to gather evidence, was not conduct so outrageous as to warrant dismissal. *Restrepo*, 930 F.2d at 713; *see also United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990) (holding that Government agents

alleged exploitation of defendant's sympathies, "tampering" with a witness, and "destruction of evidence"—while "reprehensible"—did not rise to the level of a due process violation).

Here, the transcript and video footage do not support such a finding.[1] The U.S. Marshals' conduct does not rise to a level that "shocks the conscience" of the Court. *See United States v. Bogart*, 783 F.2d 1428, 1436 (9th Cir. 1986) (vacated in part on other grounds). Accordingly, Defendant's motion to dismiss based on outrageous Government conduct is DENIED.

### 2. Separation of powers doctrine.

Defendant next argues that the charges should be dismissed because the regulations on which they are based violate the separation of powers doctrine. (Dkt. No. 11 at 16–19.) Specifically, Defendant asserts, Congress's delegation violated the doctrine because it delegated legislative authority without specificity or meaningful restraint on the Department of Homeland Security's (DHS) discretion. (Dkt. No. 11 at 19.)

Congress may not delegate its legislative power to another branch of government. *Touby v. United States*, 500 U.S. 160, 165 (1991). However, Congress may seek assistance from other branches when legislating, so long as it provides guidance with the delegated authority. *Id.* Congress must "clearly delineate the general public policy, the public agency which is to apply it, and the boundaries of this delegated authority." *Mistretta v. United States*, 488 U.S. 361, 372–73 (1989).

Here, Congress authorized DHS to establish regulations with criminal penalties relating to protection of federal property. 40 U.S.C. § 1315(c) (formerly found at 40 U.S.C. § 318). The title of the statute is "Law enforcement authority of Secretary of Homeland Security for protection of public property." *Id.* The portion of the statute which delegates the authority to establish regulations reads in full:

(c) REGULATIONS.—

---

[1] Defendant requests an evidentiary hearing. However, the Court finds the record as it is now is sufficient to decide this motion and declines Defendant's request.

ORDER
PAGE - 5

> (1) IN GENERAL.—The Secretary, in consultation with the Administrator of General Services, may prescribe regulations necessary for the protection and administration of property owned or occupied by the Federal Government and persons on the property. The regulations may include reasonable penalties, within the limits prescribed in paragraph (2), for violations of the regulations. The regulations shall be posted and remain posted in a conspicuous place on the property.
> (2) PENALTIES.—A person violating a regulation prescribed under this subsection shall be fined under title 18, United States Code, imprisoned for not more than 30 days, or both.

*Id.* The regulations under which Defendant is charged were created under this authority. *United States v. Baldwin*, 745 F.3d 1027, 1030 (10th Cir. 2014).

Defendant primarily cites to dicta in *Baldwin* and a dissent from the denial of petition for rehearing en banc in *United States v. Nichols*, 784 F.3d 666, 667–77 (10th Cir. 2015)—both authored by the same judge—to support his argument that 40 U.S.C. § 1315 constitutes an unconstitutional delegation of power. (Dkt. No. 11 at 18–21.) However, Defendant avoids the fact that the Fourth Circuit has already addressed this precise issue with this statute's predecessor and determined it was not a violation of the non-delegation doctrine. *United States v. Cassiagnol*, 420 F.2d 868, 876 (4th Cir. 1970); *see also United States v. Crowthers*, 456 F.2d 1074, 1077 (4th Cir. 1972) (same); *United States v. Adams*, 502 F. Supp. 21, 25 (S.D. Fla. 1980) (same).

In *Cassiagnol*, the court found that the statute was an appropriate delegation because the power delegated to the General Services Administration (GSA) (1) was limited to property under its control, (2) restricted the authority of the GSA to "make needful rules and regulations to maintain and protect such property and ensure its use for the authorized purpose," and (3) specified the limits of punishment. 420 F.2d at 876. Further, "[t]o require Congress specifically to enumerate GSA's duties would be to require the impractical, if not the impossible." *Id.* Finally, the court noted that this delegation of power is not unusual and Congress has delegated similar powers to the National Park Service, Forest Service, and Bureau of Land Management, to name a few. *Id.* This Court adopts the holding of the Fourth Circuit in *Cassiagnol* and finds the statute at issue here, 40 U.S.C. § 318's successor, describes the general

policy, makes clear which agency is to apply the regulations, specified the bounds of the delegated authority, and required that the regulations be posted conspicuously. 40 U.S.C. § 1315 is not an unconstitutional delegation of power. Accordingly, Defendant's motion to dismiss all counts based on a violation of the separation of powers doctrine is DENIED.

### 3. Void for vagueness.

Finally, Defendant argues that the regulations under which he is charged are void for vagueness, both facially and as applied. (Dkt. No. 11 at 22–25.) The Due Process clause of the Fifth Amendment requires that a criminal statute should, at a minimum, "provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits in a manner that does not encourage arbitrary and discriminatory enforcement." U.S. CONST. amend. V; *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

As an initial matter, the Ninth Circuit evaluated the predecessor statute of 41 C.F.R. § 102-74.390(c)—41 C.F.R. § 101-20.305—and found it to be constitutional and not impermissibly vague. *United States v. Brice*, 926 F.2d 925 (9th Cir. 1991). In addressing the void for vagueness argument, the court stated

> The regulation is limited to conduct that impedes or disrupts the performance of official duties by Government employees . . . If a defendant believes he was not impeding the official duties of a government employee, he can raise as a defense that his conduct did not impede or disrupt. The court . . . will determine whether an official duty has been impeded.

*Id.* at 930.

Defendant argues that the regulations are vague because "a person of ordinary intelligence would not understand that Mr. Mumford's arguments in the court room would run afoul" of 41 C.F.R. § 102-74.385.[2] (Dkt. No. 11 at 23.) However, Defendant was not charged with violating the regulations for making arguments in the courtroom. At the heart of the

---

[2] Defendant again cites to *Baldwin* for the proposition that the challenged regulations were vague. (Dkt. No. 11 at 22.) While the court in *Baldwin* did question the regulations, it went on to state that its rhetorical questions were "curiosities" that "turn out to be no more than side shows." 745 F.3d at 1031.

ORDER
PAGE - 7

allegations is that Defendant interfered with the U.S. Marshals taking custody of his client. A person of ordinary intelligence would understand that interfering with a U.S. Marshal removing a defendant who was in their custody following the completion of court constitutes a disruption of the performance of a Marshal's duties. Accordingly, Defendant's vagueness challenge fails and his motion to dismiss for vagueness is DENIED.

### C. Motion to dismiss Count 1 as multiplicitous.

Defendant argues that Count 1 should be dismissed because it is multiplicitous and is a lesser included offense of Count 2. (Dkt. No. 9 at 2.) The Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This protects individuals from successive prosecutions and "successive punishments" for the same offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). An indictment is multiplicitous "when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005). "Where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense." *Rutledge v. United States*, 517 U.S. 292, 297 (1996) (citations omitted).

Courts determine whether a defendant may be punished twice for the "same offense" by applying the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.*

Defendant argues he could not be guilty of Count 1 without being guilty of Count 2, and cites *Ball v. United States*, 470 U.S. 856 (1985), for support. (Dkt. No. 9 at 4–5.) In *Ball*, the defendant was convicted of receiving a stolen firearm and being a felon in possession. 470 U.S. at 857–58. The Supreme Court held that one of the convictions needed to be vacated because statutes directed at "receipt" and "possession" of a firearm amounted to the "same offense";

proof of receipt "necessarily" included proof of possession. *Id.* at 862–64. Defendant likens the current case to *Ball* in that finding he disrupted "the performance of official duties by Government employees" under 41 C.F.R. 102-74.390(c) necessarily violates the regulation that he "comply with official signs of a prohibitory, regulatory or directory nature" under 41 C.F.R. 102-74.385. (Dkt. No. 9 at 4–5.) Put another way, "Count 2 charges Mr. Mumford with violating the provision of a sign that prohibits doing X. Count 1 charges him with actually doing X." (*Id.* at 5.)

The Government relies on *Baldwin* for the proposition that Counts 1 and 2 each require proof of an element that the other does not. (Dkt. No. 16 at 5.) However, in *Baldwin*, the defendant was charged with a different portion of 41 C.F.R. § 102-74.385, which here is Count 3. 745 F.3d at 1029; Dkt. No. 1. Defendant is not arguing that the indictment is multiplicitous because of Count 3, or that Count 1 is a lesser included offense of Count 3. Further, neither the district court nor the Tenth Circuit addressed multiplicity. *See Baldwin*, 745 F.3d at 1030–31; *United States v. Baldwin Trial Transcript*, Case No. 10-PO-1136-KMT (D. Colo. Jan 21, 2011) at 235; Dkt. No. 16-1.

The Court finds Defendant's argument persuasive. Defendant's motion to dismiss Count 1 as multiplicitous is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the Government's motion for a bench trial (Dkt. No. 10) is GRANTED. Defendant's motion to dismiss all counts (Dkt. No. 11) is DENIED. Defendant's motion to dismiss Count 1 is GRANTED.

DATED this 16th day of February, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE